UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Shihan Chen, Lianpei Qi, individually and on behalf of all
other employees similarly situated,

> Plaintiff,

- against -

Arts Nail Putnam Valley Inc., Arts Nail Vestal Inc., d/b/a
"Art Nail Spa", Xiaoyan Zang, Haiying Zhou, Ye Zhou,

> Defendants.

Civil Action No.:

14-CV-3037

---

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL AND FOR SANCTIONS

### INTRODUCTION

Upon the declaration of Jian Hang, together with the exhibits attached hereto, Plaintiffs respectfully submit this memorandum of law in support of Plaintiffs' Motion to Compel discovery, to impose sanctions for attorney's fees and costs, to disqualify the Law Offices of Perry Ian Tischler as Defendants' counsel, and such other relief as the Court deems just and proper.

### STATEMENT OF FACTS

Plaintiffs originally served their discovery demands eighteen months ago on April 28, 2015. (Hang Aff. ¶ 2)  Yet after this vast period of time Defendants have still not provided responses to Plaintiffs' requests for documents nor produced a single page of evidence.  Furthermore, the Court has on multiple occasions ordered the Defendants to respond to Plaintiffs' requests and to provide specific documents, despite this, to this day they have completely failed to do so.

On May 19, 2016 Plaintiffs filed a letter motion seeking to compel Defendants to provide responses to Plaintiffs discovery requests and to appear for depositions.  (Exhibit B).  On June 15,

2016 the Court set a conference for July 20, 2016 to discuss the matters raised in Plaintiffs' letter motion. (Docket Doc. No. 40). Following the July 20, 2016 conference the Court Ordered that Defendants (1) produce a computer readable list of all manicurists who were employed by Defendants, (2) respond to Plaintiffs' Requests for Production of Documents, (3) schedule depositions, and (4) inform the Court whether Defendants intend to move to remove the action. The parties were directed by the Court to file a status report by August 10, 2016 confirming whether Defendants have complied with the Court's order. (Docket Doc. No. 41).

By late August the Defendants had completely failed to comply with any of the Court's orders. The Defendants did provide a list of employees, but which included the contact information of only two employees. (Hang Aff). Around August 10, 2016 Defendants' counsel informed this firm that he would provide additional contact information within the next two weeks. However, following these emails Defendants' counsel failed to respond to any communications from this office. On August 29, 2016 Plaintiffs submitted a status report, individually, without the participation of the Defendants' counsel, informing the Court of Defendants failure to comply with the Court's directives. (Exhibit C). In response the Court scheduled an in-person status conference for October 12, 2016, which was later rescheduled for October 18, 2016. (Docket Doc. No. 45). At that conference Defendants' counsel failed to provide any reasonable excuse for its neglect in failing to cooperate during the discovery process. In fact Mr. Tishchler stated that the reason for his failure to provide responses was a breakdown in communication between himself and his clients. (Hang Aff).

## ARGUMENT

## Defendants should be compelled to comply with the Court's previous orders regarding discovery.

Rule 37 of the Federal Rules of Civil Procedure provides that "on notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery.  Fed. R. Civ. P. 37(a)(1)."  Motions to compel, pursuant to Rule 37 are left to the sound discretion of the District Court.  *Azkour v. Houzi*, 11 Civ. 5780, 2014 U.S. Dist. LEXIS 126100, 2014 WL 4467897, at *16 (S.D.N.Y. Sept. 9, 2014); *Debellis v. Bize*, No. 11 Civ. 7113, 2013 U.S. Dist. LEXIS 52486, 2013 WL 935764, at *1 (S.D.N.Y. Mar. 11, 2013).  "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Id.

The Plaintiffs have more than complied with this requirement as the Defendants' counsel has appeared personally at more than one conference where all of these issues were already discussed.  Moreover, this firm has on numerous occasions reached out to Mr. Tischler in a good faith effort to resolve these disputes.  Plaintiffs have only sought Court intervention as a last resort after more than a year of neglect and delays on the Defendants' part.

Thus for the above reasons Plaintiffs respectfully request that Defendants be compelled to comply with the Court's March 23, 2016, July 21, 2016, and September 19, 2016 orders, directing Defendants to (1) produce a computer readable list of all manicurists who were employed by Defendants, (2) respond to Plaintiffs' Requests for Production of Documents, (3) and schedule depositions.  Plaintiffs further request that the Defendants be required to comply with these orders within a reasonable time, up to 30 days, to avoid any further delays.

If Defendants still do not comply, Plaintiffs request that this Court take more severe action including, but not limited to striking Defendants' answer and holding them in default. (See, Fed. R. Civ. P. 37(b)(2) providing that if a party "fails to obey an order to provide or permit discovery" the Court may impose any of the following sanctions: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.)

**Defendants continued non-compliance warrants the issuance of monetary sanctions.**

Due to Defendants persistent failure to cooperate during the discovery process Plaintiffs seek sanctions for the cost of preparing discovery materials, and for fees and costs associated with the time spent preparing three discovery motions, and numerous appearances before the Court.[1] "Whether exercising its inherent power, or acting pursuant to Rule 37, a district court has wide discretion in sanctioning a party for discovery abuses." *Nycomed U.S. Inc. v. Glenmark Generics Ltd.*, No. 08 CV 5023, 2010 U.S. Dist. LEXIS 82014, 2010 WL 3173785, at *3 (E.D.N.Y. Aug. 11, 2010) (citing *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 267 (2d Cir. 1999). "For less severe sanctions, such as fines and cost-shifting, the Court's inquiry focuses mainly on the misconduct of the responding party; for more severe sanctions, such as dismissal, preclusion[,] or the imposition of an adverse inference, the court must also assess whether the requesting party

---

[1] For a list of the fees expended thus far refer to the Affirmation of Jian Hang.

suffered prejudice as a result of the loss or withholding of evidence." *Nycomed U.S. Inc. v. Glenmark Generics Ltd.,* No. 08 CV 5023, 2010 U.S. Dist. LEXIS 82014, 2010 WL 3173785, at *3 (E.D.N.Y. Aug. 11, 2010). In deciding what the appropriate sanction in a matter is, the court should consider "'the prophylactic, punitive[,] and remedial rationales' of discovery sanctions." 2010 U.S. Dist. LEXIS 82014 [WL] at *10 (quoting *Passlogix, Inc. v. 2FA Tech., LLC*, 2FA, Inc., 708 F. Supp. 2d 378, 2010 WL 1702216, at *37 (S.D.N.Y. 2010) (discussing discovery sanctions in the context of spoilation of evidence)).   For the imposition of monetary sanctions the moving party is not required to demonstrate prejudice. Nonetheless Defendants conduct has substantially prejudiced Plaintiff by delaying the disposition of this matter by more than a year.  Thus for the foregoing reasons Plaintiffs request sanctions be levied against Defendants as well as the Law Offices of Ian Tischler in the amount set forth in the Affirmation of Jian Hang in addition to any fines levied by this Court.

**Due the apparent breakdown in communications between Defendants and their counsel, in addition to Defendants' counsel's persistent neglect, The Law Offices of Perry Ian Tischler should be disqualified as Defendants' counsel.**

It is within the Court's inherent powers to impose additional sanctions to those enumerated in the Federal Rules. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980).  Further, it is within the Court's discretion to disqualify an attorney.  . *Sumitomo Corp. v. J. P. Morgan & Co., Inc.*, 2000 U.S. Dist. LEXIS 1252, Nos. 99 Civ. 8780, 99 Civ. 4004, 2000 WL 145747, at *3 (S.D.N.Y. Feb. 8, 2000) (citing *Cheng v. GAF Corp.*, 631 F.2d 1052, 1055 (2d Cir. 1980).   Accordingly, disqualification is appropriate where there is a significant risk that an attorney's conduct will taint the trial, such as where his unethical conduct will prejudice his

adversary.   *Song v. Dreamtouch, Inc.*, 01 Civ. 0386, 2001 U.S. Dist. LEXIS 5822, 2001 WL 487413, at *7 (S.D.N.Y. May 8, 2001).

As stated above Defendants' counsel's conduct has already substantially prejudiced Plaintiffs by delaying this matter for more than a year.  There is absolutely no indication that things will improve by the time of trial as Mr. Tischler's neglect and failure to cooperate and participate in the discovery process has continued up to this point.  However, an even more disturbing issue, is the fact that Mr. Tischler has made it clear that there has been a complete breakdown in attorney-client communications since August.  Thus, it would be impossible for Mr. Tischler to remain an effective counsel for Defendants.

This Circuit has recognized New York's Code of Professional Responsibility (the "Code"), as promulgated by the American Bar Association, as prescribing appropriate guidelines for the professional conduct of the Bar, and this district requires that attorneys adhere to the Code. *See NCK Org. Ltd. v. Bregman*, 542 F.2d 128, 129 n. 2 (2d Cir. 1976). Moreover, this district requires that attorneys adhere to the Code as adopted by the Appellate Division of the New York State Supreme Court. Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Local Civil Rules 1.3, 1.5 (1997).

According to Rule 1.16(b)(1) of the Code a lawyer is required to withdraw from representation of a client when: "the lawyer knows or reasonably should know that the representation will result in a violation of these Rules or of law."  Furthermore, Rule 1.4 requires that an attorney shall promptly inform the client of "(i) decisions or circumstances with respect to which the client's informed consent, as defined in Rule 1.0(j), is required by these rules (ii) any information required by court rule or other law to be communicated to a client; and (iii) material

developments in the matter including settlement or plea offers." Further Rule 1.4 requires of an attorney further regular communication regarding the status of the matter.

As Mr. Tischler explicitly stated that he has not been able to contact his client for many months, and that during that time numerous events have occurred which triggered his obligation to communicate with his client, Mr. Tischler's continued representation would necessarily violate New York's Code of Professional Responsibility. Even if Mr. Tischler is able to re-engage his client at a future date, his failure to notify the Court of this extended period of silence demonstrates his lack of fitness to continue to represent the Defendants in this matter. Thus for the foregoing reasons, Plaintiffs respectfully request that the Law Offices of Perry Tischler be disqualified as counsel for Defendants.

## CONCLUSION

For the above reasons Plaintiffs respectfully request that: the Defendants be compelled to comply with the Court's previous orders with respect to discovery and disclosing the contact information of current and former employees of Defendants; the Court strike the Defendants' answer should they fail to further comply; disqualify the Law Offices of Perry Ian Tischler as Defendants' counsel, and grant all such other relief the Court deems just and proper.

Dated: November 1, 2016
     Flushing, New York

By:*/s/ Jian Hang*____
Jian Hang, Esq.
Hang & Associates, PLLC
136-18 39th Avenue, Suite 1003
Flushing, New York 11354
Tel: (718) 353-8588
Fax: (718) 353-6288